IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil File No. 3:25-cv-315

| | |
|---|---|
| NADIA HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRANSIT MANAGEMENT OF CHARLOTTE INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Nadia Harris ("Plaintiff or Ms. Harris") brings this lawsuit against Transit Management of Charlotte, Inc. ("Defendant" or "the Company") for violations of the Americans Disabilities Act, 42 U.S.C. §12101 and North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422.1 *et al*. Ms. Harris suffers from a painful physical impairment that requires the use of legally prescribed pain medication and substantially impairs major life activities. She disclosed her condition and use of the legally prescribed medication to Defendant and provided assurances that her use of the prescribed medication would not impair her ability to safely perform her job. In fact, at all times she was deemed medically cleared by the Department of Transportation pursuant to the Federal Motor Carriers Safety Act. Despite this, the Company terminated Ms. Harris after a drug screen resulted in a positive result because of her legally prescribed medication.

Ms. Harris now brings this Complaint for violation of the Americans with Disabilities Act, 42, U.S.C. §12101 *et seq* for failure to accommodate and disability discrimination in termination.

## I. Introduction

1. The ADA prohibits employers from discriminating against a qualified individual on the basis of disability with respect to the hiring, advancement or discharge of employees. 42 U.S.C. § 12112(a). Employees with a lawful prescription for medication are also protected under the ADA and an employer must provide a reasonable accommodation where the use of the medication does not result in any safety concern. 42 U.S.C. § 12101; 29 CFR 1630.2(g)-(k).

2. Likewise, the declared public policy of North Carolina prohibits discrimination in employment based on handicap. North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422.1 *et al* ("NCEEPA").

## II. The Parties

3. Plaintiff, Nadia Harris, is a resident of Charlotte, North Carolina. At all relevant times, Plaintiff is and has been a resident of the State of North Carolina and an employee under the Americans with Disabilities Act.

4. Defendant, Transit Management of Charlotte, Inc., is a domestic corporation conducting business within Charlotte, North Carolina with a registered address of 160 Mine Lake Ct., Suite 200, Raleigh NC 27615. Defendant is and was at all material times an "employer" as that term is defined under the Americans with Disabilities Act.

## III. Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 29 U.S.C. § 1331 (federal question jurisdiction), as well as 42 U.S.C. § 1983 (jurisdiction over claims challenging the deprivation of federal constitutional rights). It also has supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the vast majority of employment practices alleged herein to be unlawful were committed within this judicial district.

## IV. Administrative Requirements

7. All conditions precedent to filing claims under the Americans with Disabilities Act have been performed. Ms. Harris filed a timely charge of discrimination with the Equal Employment Opportunity Commission on March 15, 2023, which was within 180 days of the acts complained of (Exhibit A).

8. On February 10, 2025, the Equal Employment Opportunity Commission issued Ms. Harris a Notice of Right to File Suit. This Complaint is initiated within 90 days of the receipt of the Notice of Right to Sue (Exhibit B).

## V. Factual Allegations

9. Defendant hired Ms. Harris into the position of Bus Operator on or about February 8, 2017.

10. Ms. Harris was qualified for her job and performed the duties of her position in accordance with Defendant's legitimate expectations.

**Plaintiff's Disability**

11. Ms. Harris sustained an injury while working on or about December 3, 2017. The injury caused significant nerve damage to her sciatica and lower back.

12. As a result of her injury, Ms. Harris has been diagnosed with chronic lower back pain.

13. Her condition causes significant pain, and substantially limits major life activities, including walking, sitting and sleeping.

14. Ms. Harris is prescribed Oxycodone to manage her pain.

15. Ms. Harris' use of the prescribed medication does not adversely impact her ability to safely perform her job as a Bus Operator.

16. As part of her position, Ms. Harris is required to undergo medical examinations to ascertain her qualification to drive a Commercial Motor Vehicle ("CMV").

17. She has consistently been found by the Department of Transportation to meet the medical standards of the Federal Motor Carrier Safety Administration to operate a CMV.

18. In addition to the medical exams she is required to regularly undergo, she is also required to undergo regular drug screens.

**Ms. Harris Tests Positive for a Controlled Substance Due to her Lawful Prescription**

19. In or about July 2022, Ms. Harris tested positive on her regular drug screen.

20. The positive results were due to her Oxycodone prescription prescribed by her medical provider for her disability.

21. Upon the positive drug screen finding, Ms. Harris provided Defendant with the necessary information to demonstrate that her use of the controlled substance was due to her disability and that she was still able to perform the duties of her position.

22. Although she received a positive result, on July 29, 2022, Ms. Harris was cleared by the Department of Transportation and found qualified to work even with her use of the prescribed medication.

**Defendant Removes Ms. Harris from her Position**

23. Despite her clearance to return to work, on July 31, 2022 Defendant removed her from her position because of the positive drug screen.

24. Ms. Harris provided Defendant with documentation explaining the positive drug screen was due to the lawfully prescribed medication and certifying her ability to work.

25. On or about August 9, 2022, Ms. Harris' medical provider certified that she had no medication side effects that would adversely affect the ability to safely operate a CMV.

26. Although her medical documentation and the documentation provided by the Department of Transportation verified her ability to safely perform the duties of her position, Defendant failed to allow Ms. Harris to return and failed to communicate with her about returning to work.

27. In addition, on or about August 31, 2022, Ms. Harris' medical provider submitted substantially the same documentation as was submitted on or about August 9, 2022. In that documentation, her medical provider once again certified that the medication did not adversely affect her ability to safely operate a CMV.

28. Ms. Harris continued to remain in communication with Defendant while she remained off work.

29. On September 1, 2022 Ms. Harris inquired into what documentation she still needed to provide as she had already provided the information that was requested from her.

30. Ms. Harris had not received any further direction from Defendant and was not notified of when she would be returned to work. She emailed Defendant and asked for an update on her status on September 11, 2022.

31. Stanley Thomas ("Mr. Thomas"), Human Resources Manager, responded to Ms. Harris' inquiry and notified her that the Company was waiting to hear back from Concentra and that the doctor reviewing the records would not return to work until September 14, 2022.

32. Ms. Harris waited to hear back from Mr. Thomas or anyone at Defendant regarding her status, but Defendant failed to provide Ms. Harris with any update following the September 12, 2022 email from Mr. Thomas.

33. On or about October 7, 2022, Ms. Harris underwent an additional drug screen, which resulted in a negative result. She provided Defendant with the results of the drug screen.

34. She continued to remain off work waiting on Defendant to provide her with further instruction. On October 28, 2022 she once again emailed Mr. Thomas and requested an update on her return-to-work status.

35. In response to her request for an update, Defendant contacted her and informed her that her employment was terminated effective October 28, 2022 due to registering a positive on a controlled substance test.

**Ms. Harris Could Safely Perform the Duties of her Position**

36. The prescription medication did not impair Ms. Harris' ability to perform the duties of her position, and Defendant granting her an accommodation to its Substance Abuse Policy would not have imposed an undue hardship.

37. Prior to her July 2022 drug screen, Ms. Harris had submitted to at least 17 other drug screens, all of which returned positive results. In each of those situations, Ms. Harris submitted substantially the same medical information confirming her ability to work. In each instance, Defendant permitted her to continue to work.

38. The decision to terminate Ms. Harris was solely due to her disability and need for a reasonable accommodation in the form of an exemption to the Substance Abuse Policy.

39. As an individual with a disability, Ms. Harris was entitled to the protections afforded under the Americans with Disabilities Act. The ADA prohibits an employer from discriminating against a qualified individual on the basis of disability in the hiring, advancement, or discharge of employees. 42 U.S.C. § 12112(a).

40. An employer cannot fire an employee because the employee needs or requested a reasonable accommodation. 42 U.S.C. § 12203.

41. Ms. Harris was able to safely perform the essential functions of her position with a reasonable accommodation in the form of an exemption from the company's Substance Abuse Policy. She has proven that by working the previous five years with the use of her prescribed medication without issue.

42. Defendant failed to engage in any interactive discussion with Ms. Harris to determine whether her disability could be accommodated before denying her a reasonable accommodation and then terminating her employment.

43. Ms. Harris has sustained significant damages in the form of lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability and record of disability.

## FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act
### Failure to Accommodate

44. Plaintiff incorporates by reference the preceding paragraphs.

45. Ms. Harris is a qualified individual with a disability because she suffers from chronic lower back pain that substantially limits several major life activities including walking and sleeping, and causes significant pain.

46. Ms. Harris required a reasonable accommodation in the form of an exemption to the Substance Abuse Policy to allow her to work with the legally prescribed medication. The exemption was reasonable as it would safely allow her to perform the essential functions of her position as a Bus Driver. This is demonstrated by the clearance she received from the Department of Transportation certifying her ability to driver under federal regulations.

47. Ms. Harris' use of the prescription medication did not impair her ability to function or to operate a bus.

48. Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b) by failing to provide Ms. Harris with a reasonable accommodation for her disability.

49. The effect and practices complained of has been to deprive Ms. Harris of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and record of disability.

50. The effect of the practices complained of has resulted in lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability and record of disability.

51. The unlawful practices complained of above were intentional and done with malice or with reckless indifference to the federally protected rights of Ms. Harris. Defendant was aware of her lawfully prescribed use of the Oxycodone, and she was permitted to continue to work while using the medication without issue.

## SECOND CAUSE OF ACTION
### Violation of the ADA for Disability Discrimination – Termination

52. Plaintiff incorporates by reference the preceding paragraphs.

53. Ms. Harris is a qualified individual with a disability because she suffers from chronic lower back pain that substantially limits several major life activities including walking and sleeping, and it causes significant pain.

54. Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§12112(a) and (b) by discharging Ms. Harris because of her disability and record of disability.

55. The effect and practices complained of has been to deprive Ms. Harris of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and record of disability.

56. The effect of the practices complained of has resulted in lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability and record of disability.

57. The unlawful practices complained of above were intentional and done with malice or with reckless indifference to the federally protected rights of Ms. Harris. Defendant was aware of her lawfully prescribed use of the Oxycodone, and she was permitted to continue to work while using the medication without issue.

## THIRD CAUSE OF ACTION
**North Carolina Common Law – Wrongful Discharge in Violation of Public Policy**

58. Plaintiff incorporates by reference the preceding paragraphs.

59. The declared public policy of North Carolina prohibits discrimination in employment based on handicap. North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422.1 *et al* ("NCEEPA").

60. Defendant discriminated against Plaintiff and terminated her for her actual disabilities, perceived disability, and/or record of disability.

61. Defendant's conduct constituted wrongful discharge in violation of North Carolina law and public policy.

## PRAYER FOR RELIEF

Wherefore, Nadia Harris respectfully requests that this Court:

a. Order Defendant to make Ms. Harris whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

b. Order Defendant to make Ms. Harris whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

c. Order Defendant to make Ms. Harris whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation in amounts to be determined at trial;

d. Order Defendant to pay Ms. Harris punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

e. Order Defendant to pay Ms. Harris the cost of her reasonable attorneys' fees and litigation costs necessitated in bringing this action; and

e. Grant such further relief as the Court deems necessary and proper in public interest.

## JURY TRIAL DEMANDED

Ms. Harris requests a jury trial on all questions of fact raised by her complaint.

Respectfully submitted this 9th day of May, 2025,

>*/s/ Michael C. Harman*
>Michael C. Harman, NCSB #43802
>HARMAN LAW, PLLC
>10224 Hickorywood Hill Ave., Suite 202
>Huntersville, NC 28078
>P: 704.885.5550
>F: 704.885.5551
>michael@harmanlawnc.com
>
>*Attorney for Nadia Harris, Plaintiff*